UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD RAYMOND TUITE,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL MARTEL, Warden,<br><br>　　　　　　　　Respondent. | Civil No.　08cv1101-J (CAB)<br><br>**ORDER GRANTING IN PART PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY** |

　　　　Petitioner Richard Raymond Tuite ("Petitioner"), a state prisoner, filed a petition for writ of habeas corpus ("Petition") challenging his conviction pursuant to 28 U.S.C. § 2254 on June 23, 2008. [Doc. No. 1.] Pursuant to 28 U.S.C. § 636(b)(1) and CIV LR HC.2 of this District, the Honorable Cathy Ann Bencivengo, United States Magistrate Judge, submitted a Report and Recommendation ("R&R") recommending that this Court deny the Petition and deny Petitioner's request for an evidentiary hearing. [Doc. No. 9.] Petitioner timely filed objections to the R&R. [Doc. No. 10.] This Court subsequently overruled Petitioner's objections, adopted the Report, and denied the Petition and Petitioner's request for an evidentiary hearing. ["Order," Doc. No. 11.] Petitioner now seeks a certificate of appealability pursuant to 28 U.S.C. § 2253 and Federal Rule of Appellate Procedure 22(b). [Doc. No. 14.] For the reasons set forth below, the Court **GRANTS IN PART** Petitioner's Application for Certificate of Appealability.

-1-

## *Legal Standard*

A state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253 (c)(1)(A); *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). In deciding whether to grant a certificate of appealability, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. *See id.* at 1270. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that: (1) the issues are debatable among jurists of reason; (2) a court could resolve the issues in a different manner; or (3) the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (*citing Slack v. McDaniel*, 529 U.S. 473 (2000)); *Barefoot v. Estelle*, 463 U.S. 880 (1983). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright*, 220 F.3d at 1025 (citing *Barefoot*, 463 U.S. at 893 n.4).

## *Analysis*

Petitioner seeks a Certificate of Appealability on three issues: (1) whether the trial court committed prejudicial error when it violated Petitioner's federal confrontation rights by precluding cross-examination of prosecution expert witness McCrary about his bias against a defense expert McCrary was called to rebut; (2) whether a jury instruction that told the jury how it could use evidence of Petitioner's uncharged acts created an unreasonable inference of guilt that violated due process principles; and (3) whether the trial court's denial of Petitioner's motion to continue the trial, after discovery of the victim's DNA on Petitioner's white T-shirt less than two months before trial commenced, violated federal due process principles. The Court will discuss each issue in turn.

**I.    Confrontation Rights Violation**

Petitioner claims the trial court committed prejudicial error when it precluded cross-examination of prosecution expert witness Gregg McCrary about his bias against defense expert

Mary Ellen O'Toole, whom he was called to rebut. (Application at 4.) On direct appeal, the California Court of Appeal ("CCA") found the trial court violated Petitioner's constitutional right to confront adverse witnesses when it precluded the cross-examination of McCrary. However, the CCA held the error was harmless pursuant to *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986), and *Chapman v. California*, 386 U.S. 18, 24 (1967). This Court found it was not objectively unreasonable for the CCA to conclude that the trial court's decision to bar the cross-examination did not prejudice Petitioner's defense and therefore denied habeas relief based on this claim. (Order at 12.)

Petitioner argues that the trial court's Confrontation Clause error was not harmless because Petitioner's case was very closely balanced and required more than 37 hours of deliberation before the jury reached a verdict. (Application at 5.) Moreover, Petitioner argues that the CCA misapplied the *Van Arsdall* and *Chapman* standards for harmless error because it did not discuss the prosecution's significant proof problems. (*Id.*) The Court **FINDS** these issues are debatable among jurists of reason and therefore **GRANTS** a certificate of appealability as to Petitioner's confrontation rights.

**II. Jury Instructions**

Petitioner claims that the trial court and CCA committed an error involving a jury instruction based on CALJIC No. 2.50. (Application at 6.) Specifically, Petitioner argues that the instruction created an unreasonable inference that violated Due Process principles when it told the jury that specified evidence of uncharged acts could be used to create an inference that Petitioner committed the homicide. (*Id.*) The CCA found the permissive inference, as applied to the facts of the case and in the context of the entire charge to the jury, was rational. This Court found the instructions as given did not constitute a violation of Petitioner's Due Process rights and denied habeas relief based on this claim. (Order at 17.)

This is not an issue debatable among jurists of reason. A court must consider the challenged instruction in the context of the entire jury charge. *Francis v. Franklin*, 471 U.S. 307, 315 (1985). At Petitioner's trial, the jury was given a series of instructions that, when considered collectively, guarded against misuse of CALJIC No. 2.50. (*See* Lodgment No. 6 at 48-49; *see generally*, CT,

Vol. 9 at 1885-1949.) Furthermore, a permissive inference violates Due Process "only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." *Francis*, 471 U.S. at 314-15. In this case, the facts–the uncharged acts evidence showing Petitioner went to the homes of strangers in the victim's neighborhood, opened doors if they were unlocked, and entered without permission, as well as evidence demonstrating that Petitioner routinely carried a knife–were sufficient to support a reasonable conclusion by the jury. Therefore, the Court **DENIES** a certificate of appealability as to this issue.

**III. Denial of Continuance**

Petitioner contends the trial court violated due process principles when it denied Petitioner's motion to continue the trial date following the discovery of the victim's blood on Petitioner's shirt less than two months before the commencement of the trial. On direct appeal, the CCA found the trial court did not abuse its discretion in denying the motion to continue. (Lodgment No. 6 at 27.) This Court found the CCA's decision was not objectively unreasonable and denied habeas relief based on this claim.

This is not an issue debatable among jurists of reason. The United States Supreme Court has recognized that "broad discretion must be granted trial courts on matters of continuances; only an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay" will violate a defendant's rights. *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (internal quotation marks and citation omitted). The denial of a motion for a continuance can serve as a basis for federal habeas relief only in those rare cases where the trial court's action "is so arbitrary as to violate due process." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). It was reasonable for the trial court to believe that a continuance was not warranted because the defense had adequate time to address the new evidence, which was quite similar to already existing blood evidence. In addition, the trial court had already suffered considerable delay. Finally, Petitioner was not prejudiced by the denial of the continuance because Petitioner's expert of choice, had the continuance been granted, adopted the same contamination theory presented at trial by another defense expert. Therefore, the Court **DENIES** a certificate of appealability as to this issue.

*Conclusion*

For the reasons above, the Court: (1) **GRANTS** Petitioner's Application for Certificate of Appealability as to Claim 1, the confrontation rights violation; and (2) **DENIES** Petitioner's Application as to Claims 2 and 3.

**IT IS SO ORDERED.**

DATED: September 14, 2009

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Bencivengo
All Counsel of Record